# Levi Bird Duff, Appellant, v. A. C. Patterson and Georgia Patterson.

*Ejectment—Disclaimer—Amendment.*

A defendant in ejectment filed a disclaimer of "any estate in the lands described in the plaintiff's writ, as the same is a different tract or parcel of land from that of defendants' lands." There were errors in the præcipe and writ in the description of the land. A verdict and judgment was entered for plaintiff and a habere facias possessionem was issued which was returned unexecuted because of errors in the description. Subsequently the plaintiff without notice to the defendants procured an order of court amending the record and issued an alias habere facias. *Held*, that a rule to stay the alias habere facias should be made absolute.

Defendants were entitled to notice of the application to amend, as they might in the altered condition of the record wish to withdraw their disclaimer so as to meet the new issue created by the amendment, and not passed upon at the trial.

Argued Nov. 6, 1895. Appeal No. 257, Oct. T., 1895, by plaintiff, from order of C. P. No. 1, Allegheny Co., Sept. T., 1891, No. 687, staying alias habere facias possessionem. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Ejectment for a lot of ground in the Eleventh ward of the city of Allegheny.

The facts appear by the opinion of the court.

*Errors assigned* were (1) striking off amendment; (2) in staying writ.

*J. S. Ferguson, E. G. Ferguson* and *William Blakeley*, for appellant.—Independent of the statutes regulating amendments, the courts have power at all stages of the proceedings to amend the record in ejectment cases, and they have always exercised it: Gardner v. Wilson, 4 Yates, 186; Woods v. Galbraith, 4 Yates, 536; Riddle v. Findlay, 6 S. & R. 226; Ondroneaux v. Prady, 6 S. & R. 510; Wampler v. Shisler, 1 W. & S. 365; Act of March 14, 1872, P. L. 7.

The grant of the power to amend implies the duty of the

court to exercise it in a proper case: Wood v. Philadelphia, 27 Pa. 502; Shaffer v. Eichert, 132 Pa. 285; Kensinger v. Smith, 94 Pa. 384; Parks v. Boynton, 98 Pa. 370; Thompson v. Mattern, 115 Pa. 501; Brothers v. Mitchell, 157 Pa. 484.

The amendment did not introduce a new description: Cox v. Couch, 8 Pa. 147; Brandon v. Fritz, 94 Pa. 88; Parks v. Boynton, 98 Pa. 370.

The defendant having gone to trial on an erroneous description and having taken chances of a verdict, cannot now complain of the correction of the errors in the description: Bailey v. Watson, 6 Binn. 449.

Amendments allowed by act of assembly are mandatory, not discretionary, and are therefore subject to writs of error: Newlin v. Palmer, 11 S. & R. 98.

It is error to stay an execution indefinitely: Patterson v. Patterson, 27 Pa. 40.

*A. C. Patterson*, for appellees.—While a court may so amend its record as to make it conform to the truth, even after the term has expired or a writ of error granted, yet it has no power to make an alteration which is not an amendment, and is without anything upon the record to support it: Crew v. McCaffrey, 124 Pa. 200.

No amendment can be allowed the effect of which is either to introduce a new cause of action, to deprive the opposite party of any valuable right, or injuriously affect intervening rights of third parties: Duffy v. Houtz, 105 Pa. 96; Smith v. Jenkins, 10 S. & R. 154; Barry v. Pennsylvania Salt Co., 10 W. N. C. 259; Brittin v. Shloss, 9 W. N. C. 510; Tyrrill v. Lamb, 96 Pa. 464; Atkinson v. Schuyler, 5 W. N. C. 448; Murphy v. Richards, 1 Clark, 330; Wallace v. Elder, 5 S. & R. 143.

If there be a disclaimer by the defendant of title and possession, and the plaintiff proceeds for costs and damages, the only point of contest is possession of the defendant: Lane v. Harrold, 66 Pa. 319; Helfenstein v. Leonard, 50 Pa. 461.

A defendant joined in the suit, who disclaims title, must repeat his disclaimer as often as he is joined; if joined and not legally proven in possession, he is entitled for a verdict and his costs: Tripner v. Abrahams, 47 Pa. 220.

PER CURIAM, January 6, 1896:

The record in this case, as presented to us, is lacking in sufficient completeness to indicate with certainty its condition at the time of trial. The præcipe and writ contained several errors in describing the land for which the action was intended to have been brought; and, doubtless on that account, the defendants filed a disclaimer of " any estate in the lands described in the plaintiff's writ, . . . as the same is a different tract or parcel of land from that of the defendants' lands." A verdict for plaintiff for six cents and costs was directed by the court, and judgment was subsequently entered thereon and a habere facias possessionem issued. That writ was returned unexecuted because of the errors in the description. About six months thereafter, without notice to defendants, the plaintiff procured an order of court amending the record, and thereupon issued an alias habere facias. Subsequently, rules taken by defendants to stay the alias habere and to strike off the amendment were made absolute by the court.

We are all clearly of opinion that there is nothing in the record that would justify us in disturbing this action of the court. Defendants were certainly entitled to notice of the application to amend. It may well be that in the altered condition of the record they would wish to withdraw their disclaimer. The filing of that at the trial narrowed the issue to the question of possession and consequent liability for costs: Lane v. Harrold, 66 Pa. 319. Withdrawal of the disclaimer, in connection with the amendment of description, would introduce a new issue not passed upon at the trial. The verdict and judgment would necessarily fall with the change of issue, and hence there would be nothing to sustain the habere facias.

We find nothing in the record that requires notice.

The decree staying the writ of habere facias and striking off the amendment is affirmed, and the appeal dismissed with costs to be paid by plaintiff.